IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FERNANDO MARTINEZ,                    )
                                      )
              Petitioner,             )              8:06cv733
                                      )
       vs.                            )        MEMORANDUM AND ORDER
                                      )
ROBERT HOUSTON,                       )
                                      )
              Respondent.             )

       The petitioner, Fernando Martinez, states that he is a Mexican national in the custody of the Nebraska Department of Correctional Services ("DCS") after conviction of felony driving offenses.  He objects to a detainer which has been lodged against him by U.S. immigration officials pursuant to an Order of Removal issued after a deportation hearing in 2004.  According to the petitioner, the law has been clarified since 2004 to the effect that his driving offenses do not constitute the kind of aggravated offense(s) or crime(s) of moral turpitude which warrant removal or deportation. The ultimate relief sought by the petitioner is to have the Order of Removal vacated.

       In filing no. 7, on January 17, 2007, I explained that the recently enacted "REAL ID Act," Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), has changed the manner in which a challenge to an Order of Removal may be prosecuted.  Original jurisdiction to entertain such challenges now lies in the United States Circuit Courts of Appeal, and the federal district courts are divested of such jurisdiction.  In filing no. 7, I directed the parties to address whether this case should be transferred to the United States Court of Appeals for the Eighth Circuit pursuant to the REAL ID Act, or whether the case should be dismissed without prejudice to the petitioner's right to file the case directly in the Eighth Circuit.

       Despite my order, the petitioner has not responded to filing no. 7, and the time for a response has expired.  However, the United States has notified the court that the Order of Removal which the petitioner wished to challenge has, in fact, been terminated.  In February of 2007, new removal administrative proceedings began, and, according to the

1

United States, the petitioner will be afforded due process, beginning with an opportunity to be heard before an immigration judge.   The previous Order of Removal is a nullity. Thus, this case has been rendered moot.

THEREFORE, IT IS ORDERED:

1.      That filing no. 13, the Motion to Dismiss filed by the United States on behalf of the respondent, is granted;

2.      That this action and the Petition for Writ of Habeas Corpus filed by Fernando Martinez are dismissed, without prejudice, as moot; and

3.      That judgment will be entered accordingly.

April 9, 2007.                              BY THE COURT:


                                            s/ *Richard G. Kopf*
                                            United States District Judge